UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

-against-

ALEXANDER SANTIAGO-FIGUEROA,

                                    Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Cr. 618 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: JAN 04, 2021

GEORGE B. DANIELS, United States District Judge:

Defendant Alexander Santiago-Figueroa, *pro se*, moves for compassionate release and reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), in light of his medical conditions and the COVID-19 pandemic.[1] (Letter Motion for Compassionate Release, ("Def. Mot.").) The Government opposes Defendant's motion for compassionate release. (*See* Letter Response dated October 25, 2020 ("Gov't Opp'n").) On October 1, 2019, this Court sentenced Defendant to 96 months' imprisonment, after Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. § 841 and 21 U.S.C § 846. (J. in a Crim. Case, ECF No. 48.) Defendant is expected to be released on June 23, 2026.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in

---

[1] Defendant also seeks the appointment of counsel. (Def. Mot. at 1, 5–6.) There is no right to counsel in connection with a motion for compassionate release. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no right to counsel for collateral attacks on a conviction or sentence). For a district court to order the appointment of counsel, an applicant must demonstrate that his claim is substantive or has a likelihood of success on the merits. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986). Defendant has failed to demonstrate that his motion for compassionate release is likely to have merit, thus his request for appointment of counsel is DENIED.

Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease"). Here, Defendant argues that the COVID-19 pandemic and his individual medical vulnerabilities present an extraordinary and compelling reason for release. (Def. Mot. at 2–5.)

As an initial matter, Defendant's motion is premature given that he has not sought relief within the Bureau of Prisons or exhausted his administrative remedies. (Def. Mot. at 4; Gov't Opp'n at 1, 6.) "[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements." *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004); *see also United States v. Ogarro*, No. 18 Crim. 373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (denying the defendant's motion for release under the First Step Act because he has failed to exhaust his administrative remedies). Defendant argues that the "exhaustion requirement is not absolute"

2

(Def. Mot. at 4 citing *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). This claim is unavailing. Administrative exhaustion requirements may only be waived if a recognized exemption applies. These exceptions include: (1) where exhaustion would be futile, including where undue delay due to exhaustion may result in "catastrophic health consequences;" (2) where "the administrative process would be incapable of granting adequate relief;" and (3) where "pursuing agency review would subject plaintiffs to undue prejudice." *Washington*, 925 F.3d at 118–20. Defendant has not demonstrated that any of these exemptions applies here.

Assuming *arguendo*, that Defendant could satisfy the administrative exhaustion requirement or that a futility exception were available, Defendant has failed to demonstrate any underlying medical condition alone or taken together that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13, Appl. Note 1(A).

Defendant is a 44-year old man who suffers from gastrointestinal issues (resulting from a gunshot wound to the stomach several years ago) and from hypertension. (Def. Mot. at 2; Gov't Opp'n at 1, 6-7.) Defendant also claims that he has a "low white blood cell[]" count and a "weakened immune system." (Def. Mot. at 2.) However, Defendant provides no medical records to support his claim that he is immunocompromised and the Government points out that "defendant's BOP medical records do not indicate that his white blood cell count is currently low, or that his immune system is compromised in anyway." (Gov't Opp'n at 7.) Moreover, according to CDC guidance, hypertension is as a condition that "*might* increase your risk of severe illness from COVID-19." *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated December 29, 2020) (emphasis added). Defendant has

3

given no indication that his medical conditions substantially diminish his ability to provide self-care or cannot be managed. Moreover, Defendant has not alleged that personnel at the facility where he is incarcerated, FCI Danbury, are unable, or not taking steps, to protect him from COVID-19. In fact, he receives medication to treat his high blood pressure. (Def. Mot. at 2–3.) Defendant has not set forth an "extraordinary and compelling" reason that he is entitled to modification of his sentence.

Finally, the 3553(a) sentencing factors counsel against granting Defendant's request for compassionate release. The magnitude of Defendant's crime is significant. Defendant trafficked large amounts of fentanyl, played "a significant role" in the trafficking scheme, and had a "significant criminal history, which is consistent with the drug activity that he was involved with in this case." (*See* Sentencing Tr. at 9–10.) Defendant's eight-year sentence reflects the seriousness of the offense and need for adequate deterrence. Releasing Defendant after he has served just one year of an eight-year sentence would not achieve the purposes of sentencing.

Defendant's motion for compassionate release is DENIED.

Dated: January 4, 2021
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge