UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

ALEXANDER SANTIAGO-FIGUEROA,

                            Defendant.

MEMORANDUM DECISION
AND ORDER

18 Cr. 618-2 (GBD)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Defendant Alexander Santiago-Figueroa, *pro se*, moves for the second time for compassionate release and reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), in light of his medical condition and the allegedly inadequate medical care he has received while incarcerated. (Mot. for Compassionate Release ("Mot."), ECF No. 58.) The Government opposes Defendant's motion. (*See* Letter Response in Opposition ("Opp'n"), ECF No. 59.) On October 1, 2019, this Court sentenced Defendant to 96 months' imprisonment, after Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. (J., ECF No. 48.) Defendant is expected to be released on November 18, 2025.[1]

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of

---

[1] This date was retrieved from the Bureau of Prisons' online inmate locator tool. *See Inmate Lookup*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc. This Court notes that in its opposition, the Government states that Defendant "is currently scheduled to be released in November 2026, though that date is likely due to changes to his good-time credits based on recent disciplinary infractions." (Opp'n at 1.) The inmate locator tool also indicates that Defendant is now housed at FCI Fort Dix, not FCI Danbury. Defendant's motion discusses the "dangerous[] understaff[ing]" and "ongoing black mold and asbestos problem" at FCI Danbury. (*See* Mot. at 8–10.)

showing that the circumstances warrant that decrease."). Here, Defendant argues that compassionate release is warranted "in order for him to properly tend to his grave medical condition and receive the long overdue surgery and therapy needed for a safe recovery," as his medical condition would "subject[] him to severe complications in the event of contracting COVID-19," and "the [Bureau of Prisons] is incapable of properly treating his current health crisis." (Mot. at 1–2.)

Defendant previously filed a motion for compassionate release and reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his medical condition amid the escalating COVID-19 pandemic. (*See* Op., ECF No. 55, at 1.) The Government opposed Defendant's motion, arguing, *inter alia*, that Defendant failed to prove that he has a high-risk medical condition, or that the Bureau of Prisons was unable to care for him. (*See id.* at 3–4.) This Court denied Defendant's first motion for compassionate release on January 4, 2021. (*Id.* at 4.)

Defendant's current motion is premature, as he has not exhausted his administrative remedies. (Opp'n at 5.) "[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements." *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004); *see also United States v. Ogarro*, No. 18 Crim. 373-9 (RJS), 2020 WL 1876300, at *2–5 (S.D.N.Y. Apr. 14, 2020) (denying the defendant's motion for release under the First Step Act because he has failed to exhaust his administrative remedies).

Even if Defendant could satisfy the administrative exhaustion requirement, he has failed to demonstrate a significant escalation of his medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13, Appl. Note 1(A). Defendant continues to suffer from gastrointestinal issues, obesity, and hypertension. (Mot. at 2, 5–6;

Opp'n at 1, 5.) Defendant argues that compassionate release is necessary so that he can tend to his "grave medical condition" and receive "long overdue surgery" necessitated by his gastrointestinal issue. (Mot. at 1.) However, in just February of this year, Defendant received outpatient ileostomy surgery, as well as pain medication, follow-up treatment, and consultations for additional procedures. (Opp'n at 6.) Thus, nothing suggests that the Bureau of Prisons is incapable of providing adequate medical care, as Defendant claims.[2] (*See* Mot. at 5–6.) Defendant has not set forth an "extraordinary and compelling" reason that he is entitled to modification of his sentence.

For the same reasons set forth in this Court's order denying Defendant's first compassionate release motion, the Section 3553(a) sentencing factors continue to counsel against granting Defendant's request for compassionate release. (*See* Op. at 4.)

Accordingly, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to close the motion at ECF No. 58 and mail a copy of this decision to Defendant.[3]

Dated: November 1, 2023
      New York, New York

SO ORDERED.

George B. Daniels
GEORGE B. DANIELS
United States District Judge

---

[2] Indeed, the Bureau of Prisons provided Defendant with medical care after he acted against medical advice, leading to additional complications. (*See* Opp'n at 6.)

[3] Out of an abundance of caution, the Clerk of Court is directed to send the decision to Defendant's attention at both FCI Fort Dix and FCI Danbury.